MARY E. DUGAN, *Appellant*, v. J. E. POWELL AND CARRIE C. POWELL, HIS WIFE, *Appellees*.

Division B.

On Rehearing.

PER CURIAM.—In this case the married woman signed a contract dated August 21, 1925, without a seal opposite

her signature, but the contract contained a clause "In witness whereof, we have hereunto set our hands and seals." One thousand dollars was accepted on the purchase price and time was not made of the essence of the contract. The contract may fairly have been interpreted as a practical matter to mean that the purchaser would have thirty days from the date of the contract or fifteen days after delivery of abstract for purchaser's attorney to examine and approve the abstract of title, before the second payment was required to be made, even if time be essential.

It is alleged that the abstract was delivered September 8, 1925, and the second payment was offered within two or three days after thirty days from the date of the contract, and two or three days after fifteen days from the delivery of the abstract.

Under these circumstances, even if Sections 3801-3 and 3953, R. G. S. require a married woman's contract to sell land to have a seal opposite her signature to the contract and the recitation in the contract that it is under seal is not a sufficient compliance with the statute, the married woman will not be permitted to retain the substantial partial payment made and refuse to comply with her contract, therefore the bill alleges an equity for appropriate relief.

Rehearing denied.

All concur.